IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Serrano-Correa, #12475-023, ) | C/A No. 8:14-2226-TMC-JDA |
| Petitioner, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Warden, Federal Correctional Institution Estill, ) | |
| Respondent. ) | |

Victor Serrano-Correa ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at FCI-Estill, in Estill, South Carolina, and he seeks to vacate his federal conviction. The Petition should be re-characterized as a 28 U.S.C. § 2255 habeas action and transferred to the United States District Court for the Eastern District of Washington.

Background

Petitioner alleges that he was convicted by guilty plea of "Alien in the United States After Deportation" in violation of 8 U.S.C. § 1326 in the United States District Court for the Eastern District of Washington. [Doc. 1 at 2.] He alleges the court gave him a 50-month sentence of imprisonment on May 17, 2011. [*Id.*] *See United States v. Serrano-Correa*, Cr. No. 2:10-2134-WFN-1 (E.D. Wa. May 24, 2011), ECF No. 48. This Court takes judicial notice that it appears Petitioner has not filed a § 2255 action in the sentencing court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Petitioner alleges that he brings this § 2241 habeas petition for the sole purpose to challenge the underlying 2002 deportation order entered against him because it violated his right to due process. [Doc. 1 at 2.] He alleges that pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the one-year AEDPA statute of limitations should not apply to this action because of his actual innocence. [*Id.*]  In his lengthy Petition and attachments, Petitioner seeks to attack his 2002 deportation order by alleging the Immigration Judge did not explain his right to appeal and, thus, Petitioner's failure to exhaust administrative remedies to overturn the deportation order should be excused. [*Id.* at 4–9.] He admits he has not sought to challenge the 2002 deportation order until now, and he alleges he could not judicially challenge the deportation order by filing a habeas action because he was returned to Mexico approximately twenty-five days after the deportation order was entered. [*Id.*]

Petitioner seems to allege that this Court has jurisdiction pursuant to § 2241 to determine whether the 2002 deportation order should be vacated because part of his claim is that he is eligible for waiver of removal under the repealed 212(c) of the Immigration and Nationality Act, and he seeks release from custody while he challenges his deportation order. [*Id.* at 11–13, 24–26.]  In addition to seeking immediate release from custody, Petitioner requests that the § 2241 Petition be granted because he should not have been convicted of Alien in the United States After Deportation. [*Id.* at 45.]  Petitioner indicates that his deportation order was based on his 1994 California state convictions of car-jacking, second degree robbery, and ex-felon in possession of a firearm. [*Id.* at 12.]

Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal or transfer.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

Petitioner filed this action pursuant to 28 U.S.C. § 2241.  Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'"  *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted).  A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian.

3

*Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because Petitioner is incarcerated in the District of South Carolina and he names the warden of FCI Estill (his custodian) as the Respondent, a § 2241 Petition may properly be filed in this Court.

However, a core issue is whether Petitioner's claims are cognizable under § 2241. Petitioner alleges that he is attacking the validity of his conviction of Alien in the United States After Deportation in violation of 8 U.S.C. § 1326; this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added). Section 2255 does contain a savings clause which permits a district court other than the sentencing court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Rice*, 617 F.3d at 807; 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted); *see also Rice*, 617 F.3d at 807 (explaining that § 2255 is not inadequate or ineffective when "'an individual is procedurally barred from filing a § 2255 motion'") (citation omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34.

In this case, there is no plausible allegation that the savings clause permits Petitioner to bring his claims within the § 2241 Petition. Petitioner does not allege that subsequent to his direct appeal and first § 2255 motion the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. In fact, it appears that Petitioner has not filed a § 2255 action with the sentencing court to permit it to review his claim for relief.[1] Accordingly, the *In re Jones* savings clause test is not satisfied. *See Chavez-Tovar v. Atkinson*, C/A No. 1:12-1310-DCN-SVH, 2012 WL 3028024, at *2–3 (D.S.C. June 28, 2012) (where the petitioner sought to challenge his conviction for illegal re-entry of a deported alien pursuant to § 2241 in this court, he should have filed a § 2255 action in the sentencing court), *adopted*, 2012 WL 3877674 (D.S.C. Sept. 6, 2012).

Rather than dismiss this § 2241 action without prejudice, it should be re-characterized as a § 2255 Petition and transferred to the sentencing court. A case may be transferred pursuant to 28 U.S.C. § 1631 if it is "in the interest of justice." *See Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011); *Provenzale v. United States*, 388 F. App'x 285 (4th Cir. 2010). It is in the interest of justice to re-characterize the habeas petition and

---

[1] It also appears that he may not have filed a direct appeal related to his federal conviction.

5

transfer it for several reasons: the AEDPA one-year statue of limitations may be an issue; this Court is not aware that Petitioner previously filed a § 2255 petition in the United States District Court for the Eastern District of Washington; and, the relief sought by Petitioner is within the scope of § 2255.  *Id.*

If this action is re-characterized as a § 2255 action, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[2]  Accordingly, Petitioner may withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has.  *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003). As explained on the last page of this Report and Recommendation, Petitioner is given ten (10) days to file objections to this Report and Recommendation, and Petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same ten-day deadline.[3]

## Recommendation

Accordingly, it is recommended that the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and transferred to the United States

---

[2] Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

[3] Nothing in this Report and Recommendation prohibits the United States District Court for the Eastern District of Washington from allowing Petitioner more time to amend his § 2255 action.

District Court for the Eastern District of Washington.  *See* 28 U.S.C. § 1631. ***Petitioner's attention is directed to the important notice on the next page.***

                <u>s/Jacquelyn D. Austin</u>

June 25, 2014           Jacquelyn D. Austin
Greenville, South Carolina      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).